UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN S. PULIDO-SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON FKA BANK OF NEW YORK,<br><br>Defendant. | Case No. 2:13-cv-001262-APG-GWF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

Currently before the Court is Defendant Bank of New York Melon's ("Defendant") Motion to Dismiss With Prejudice for Failure to State a Claim Upon Which Relief Can Be Granted (ECF#5).

## BACKGROUND

In May 2006, Plaintiff, along with Selina Marie Cisneros, purchased the real property located at 6259 Thunder Blitz Avenue, Las Vegas, Nevada 89131 ("Property"). (ECF#5-1.) Plaintiff financed this purchase through a mortgage loan ("Loan") from Universal American Mortgage Company, LLP. (*Id.*) Under the Deed of Trust, Stewart Title of Nevada acted as trustee for the Loan, while Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary. (*Id.* at 2.) On June 1, 2008, the borrowers defaulted on their mortgage obligation, resulting in a Notice of Default and Election to Sell being recorded against the Property. (ECF#5-2.) On October 7, 2008, MERS substituted ReconTrust in as trustee under the Deed of Trust. (ECF#5-3.) On October 28, 2010, ReconTrust rescinded the Notice of Default. (ECF#5-4.) On November 1, 2012, MERS assigned the Deed of Trust to Defendant. (ECF#5-5).

On February 20, 2013, Plaintiff sued Defendant in the Nevada state court (Case No. A-13-677053-C) seeking damages and equitable relief. (ECF#1-1). The suit was subsequently removed to this Court. Plaintiff asserts two claims in his Complaint: intentional misrepresentation and negligent misrepresentation. (ECF#1-1 at 5, ¶ 3.) Plaintiff also seems to argue that his Loan debt was satisfied because his mortgage was pooled and securitized. (ECF#1-1 at 5, ¶¶ 4(2) and 4(3).) Plaintiff asks for "reconveyance of [the Property] free of levy and lien, and equitable relief of $375,000 plus legal fees." (ECF#1-1 at 5, ¶ 5.)

On July 23, 2012, Defendant filed a Motion to Dismiss. ("Motion"). (ECF#5.) For the reasons discussed below, the Court now grants Defendant's Motion, in part.

## DISCUSSION

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable

inference that the Defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. ... However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

### A. Quiet Title

Although Plaintiff has not expressly pled a claim for quiet title, the Court infers that Plaintiff is asserting that claim based on his vague allegations and prayer for relief. Specifically, Plaintiff seems to claim that his debt under the Note and Deed of Trust was satisfied because his mortgage loan was pooled and securitized. (ECF#1-1 at 5, ¶¶ 4(2) and 4(3).) His request for "reconveyance of [the Property] free of levy and lien" seems like a demand for quiet title. (ECF#1-1 at 5). "A quiet title action requests a judicial determination of all adverse claims to disputed property." 65 Am. Jur 2d. Quieting Title and Determination of Adverse Claims § 1. In Nevada, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." NRS § 40.010.

The burden of proof in a quiet title action rests with the plaintiff to prove good title in himself. *See Breliant v. Preferred Equities Corp.*, 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996). Thus, in order to obtain title to the Property "free of levy and lien" as Plaintiff requests, Plaintiff

must prove that the Deed of Trust lien has been properly extinguished—that is, by payment of the underlying Loan or by operation of law. Plaintiff's Complaint does not make out a plausible case for either scenario.

Plaintiff fails to allege that he paid off his Loan; rather, he apparently defaulted on the Loan by failing to make monthly payments on and after June 1, 2008. (ECF#5-2.) Plaintiff vaguely suggests in his Complaint that the debt was satisfied because the Deed of Trust "was pooled and securitized into [a] securitized trust." (ECF #1-1 at 5, ¶ 4(2).) He also claims to have "documentation verifying satisfaction of said [Deed of] Trust." (*Id.*) Such conclusory allegations, without more, are not sufficient to make out a plausible claim that the debt has been satisfied or extinguished by operation of law. *Iqbal*, 129 S. Ct. at 1949. Therefore, Plaintiff's demand for conveyance of the Property "free from levy and lien" fails under Rule 8(a).

The Court dismisses this claim without prejudice. Plaintiff may attempt to amend his Complaint to include sufficiently detailed factual allegations that the Loan is not in default and that the Deed of Trust has been extinguished as a matter of law.

### B. Intentional Misrepresentation

Plaintiff appears to contend that Defendant misrepresented its ownership of the Deed of Trust. (ECF #1-1 at 5, ¶ 4(4) and 4(5).) To state a claim for fraudulent misrepresentation in Nevada, a plaintiff must allege that (1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance. *Barmettler v. Reno Air*, Inc., 114 Nev. 441, 956 P.2d 1382, 1386 (1998). In addition, Rule 9 requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1 (Nev. 1994).

Plaintiff's claim for misrepresentation fails because it was not pled with specificity as required by Rule 9(b). Nowhere in the Complaint does Plaintiff allege who made the fraudulent statements, when the statements were made, or where they were made. Plaintiff also fails to allege the specific content of the fraudulent statements—his allegations only include broad generalizations. Plaintiff also fails to identify precisely what reliance Plaintiff placed on the "misrepresentations" such that he is entitled to damages or equitable relief.

For example, paragraph 4 of the Complaint alleges that he "had a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, and Notice of Default." (ECF#1-1 at 5.) Plaintiff makes no factual allegation about who, when, or how Defendant intentionally misrepresented its "account of ownership beneficiary." Instead, Plaintiff seems to allege only that he was somehow misled by his reading of documents purporting to assign MERS' beneficial interest in the Loan to Defendant. Plaintiff fails to indicate what specific content within any of those documents constituted false representations, and how they were false. Even assuming that Plaintiff has a justifiable reliance on the "truthfulness of ownership and proper assignments," Plaintiff has failed to articulate what damages flow from the alleged untruthfulness of ownership and improper assignments, assuming there were any of either.

Moreover, on the basis of the factual allegations in the Complaint, it is difficult to understand how Plaintiff could have justifiably relied to his detriment on any alleged misrepresentations in the loan documents. The Deed of Trust states that it and the Note "could be sold one or more times without prior notice to [Plaintiff]." (ECF5-1 at 12-13, ¶ 20.) Plaintiff signed the Deed of Trust, thereby accepting any subsequent assignment from MERS to a subsequent purchaser of the Note. (ECF#5-1 at 15.)

Similarly, it is difficult to determine how Plaintiff could have justifiably relied on any representations made in connection with the Loan's subsequent pooling and securitization. He was not a party to those subsequent agreements, so no representations could have been made to him. Even if misrepresentations were made in those agreements, Plaintiff has not shown how

those misrepresentations caused him any harm. Moreover, if he defaulted on his Loan obligations, the beneficiary under the Deed of Trust could exercise its rights to foreclose. Thus, it is difficult to see how Plaintiff could have suffered any loss due to any misrepresentations contained in those agreements.

Because Plaintiff has failed to specifically plead facts sufficient to meet Rule 9(b)'s standard, the Court dismisses Plaintiffs' intentional misrepresentation claim, without prejudice. Plaintiff will have one opportunity to amend his Complaint to include sufficiently detailed factual allegations to satisfy Rule 9(b) and demonstrate the who, what, when, where, why and how of his claim for intentional misrepresentation.

### C. Negligent Misrepresentation

Plaintiff also nakedly asserts a claim for "negligent misrepresentation." (ECF #1-1 at 5, ¶3.) This appears to be an alternative claim for relief, as he offers no facts to support this claim, other than those alleged in support of his claim of intentional misrepresentation.

In *Barmettler v. Reno Air, Inc.*, the Nevada Supreme Court adopted the definition of negligent misrepresentation from the Restatement (Second) of Torts § 552:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

114 Nev. 441, 956 P.2d 1382, 1387 (1998). This federal district recognizes that negligent representation sounds in fraud, triggering the requirement under Rule 9(b) that the circumstances constituting fraud or mistake must be stated with particularity. *See Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009) (plaintiffs' claim for negligent misrepresentation failed because it was not pled with specificity under Rule 9(b)); *Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 931 (D. Nev. 2010); *Weingartner v. Chase*

*Home Fin., LLC*, 702 F. Supp. 2d 1276, 1291 (D. Nev. 2010); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1222, 1244 (D. Nev. 2006).

As discussed above, Plaintiff fails to plead what information Defendant conveyed to him that was false, and how he justifiably relied upon it.
Instead, Plaintiff merely alleges an element of the claim: that Plaintiff justifiably relied on the truthfulness of ownership and proper assignments. This does not satisfy the requirements of Rule 9(b), *Iqbal* and *Twombly*. For these reasons, the claim is dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF#5) is **GRANTED IN PART**. Plaintiff's Complaint (ECF1-1) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have 30 days from the date of entry of this Order in which to amend his Complaint to assert sufficient facts to satisfy the pleading requirements of Rule 9 and *Ibqal* and *Twombly*. Should Plaintiff not file an Amended Complaint by that date, this case will be closed.

DATED this 23rd day of October, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE